UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO SANCHEZ DE TAGLE,<br><br>Plaintiff,<br><br>v.<br><br>OLIVIA MENDOZA,<br><br>Defendant. | Case No. *25-cv-09487-NW*<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**<br><br>Re: ECF No. 13 |

Orlando Sanchez de Tagle ("Plaintiff"), proceeding *pro se* and *in forma pauperis* ("IFP"), filed this civil rights action on November 3, 2025 alleging violations of 42 U.S.C. § 1983.  On November 12, 2025, Chief Magistrate Judge Nathaneal Cousins granted Plaintiff's IFP application and screened the complaint pursuant to 28 U.S.C. § 1915.  Judge Cousins found that Plaintiff had failed to state a claim as to any of his causes of action and dismissed Plaintiff's complaint with leave to amend.  ECF No. 4.  Judge Cousins ordered Plaintiff to file any amended complaint by no later than December 1, 2025. *Id.*

Plaintiff did not meet Judge Cousins' deadline nor did he offer any explanation for his failure to do so.  As a result, on December 11, 2025, Judge Cousins referred the case to the undersigned and recommended dismissal of Plaintiff's claims without prejudice.  ECF No. 7.  Two months later on February 9, 2026, the Court adopted Judge Cousins' recommendation, dismissed the complaint, and closed the case.  ECF No. 9.

On February 13, after nearly three months of silence, Plaintiff filed a motion for relief from the Court's judgment.  ECF No. 11.  He asked the Court to reopen his case and grant him leave to file an untimely amended complaint.  The Court granted Plaintiff's request and Ordered Plaintiff

to file his amended complaint by March 17, 2026. ECF No. 12. Plaintiff has since filed his amended complaint.

When a plaintiff proceeds IFP, 28 U.S.C. § 1915 directs district courts like this one to screen the complaint before the case moves forward. As set forth in § 1915, a court must dismiss a case if it "determines that the action . . . fails to state a claim upon which relief may be granted." § 1915(e)(2)(B)(ii). Unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim, a court should not dismiss a plaintiff's complaint without first providing leave to amend. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Plaintiff's suit challenges the actions taken by Olivia Mendoza in December 2023. Defendant is a district attorney who prosecuted Plaintiff in state court following an arrest and detention. Am. Compl. ¶ 11, ECF No. 13. Plaintiff contends that Defendant violated his constitutional rights when she "demanded" that Plaintiff wear a GPS ankle monitor before his release from custody. *Id.* ¶ 12. The ankle monitor caused Plaintiff severe emotional distress because he felt as though Defendant "was constantly keeping tabs on [his] location." *Id.* ¶ 17. Plaintiff alleges that Defendant later used information gathered by the ankle monitor "in court against [Plaintiff]." *Id.* ¶ 14.

It is well settled law that a plaintiff cannot maintain a civil rights action against a district attorney for the way the attorney does their job, and that job includes seeking particular sentences, rulings, or court orders. Defendant, like all prosecutors, is "absolutely immune from liability under § 1983" for conduct that "is 'intimately associated' with the judicial phase of the criminal process." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *see also Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Here, Defendant asked a judge to impose conditions to Plaintiff's release from custody in the form of an ankle monitor. An attorney's request to a judge in open court regarding a defendant's release conditions constitutes an action that is intimately associated with the judicial process. *See Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (prosecutorial immunity extends to actions during both the pre-trial and posttrial phases of a case).

Accordingly, Plaintiff cannot state any kind of claim against Defendant for any of the things she did when acting as a district attorney. She is immune from suit, and that immunity is

2

absolute.  And because this is not a defect that can be cured by amendment, the Court DISMISSES the case WITHOUT LEAVE TO AMEND.  The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated:  June 4, 2026

Noël Wise
United States District Judge